923 F.2d 871
 18 U.S.P.Q.2d 1575
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
T.D. WILLIAMSON, INC., Plaintiff-Appellee,
v.
Dwane Odell LAYMON and Electronic Pigging Systems, Inc.,
Defendants-Appellants.
 No. 90-1236.
 United States Court of Appeals, Federal Circuit.
 Dec. 3, 1990.
Rehearing Denied Dec. 28, 1990.
 
 Before MARKEY, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The November 6, 1989 judgment of the United States District Court for the Northern District of Oklahoma in No. 83-C-84-C, awarding Williamson damages for patent infringement as well as pre- and post-judgment interest, is affirmed. See 723 F.Supp. 587, 13 USPQ2d 1417.
 
 OPINION
 
 2
 We need not decide whether finding 15, that the Kopp A.G. caliper pig was not an acceptable noninfringing substitute for the Williamson pig in North or South America during the relevant damages period, is clearly erroneous. In our view, finding 21 is an independent and sufficient basis for a lost profits damages award: the special master specifically found that "each of the pipeline survey jobs ... performed by [defendants] in the United States and Canada are jobs which [plaintiff] would have performed if not for the infringement by [defendants]...." See 723 F.Supp. at 603, 13 USPQ2d at 1429. Thus, Williamson proved directly that, "but for" Laymon's infringement, it would have done the American and Canadian jobs. See Kori Corp. v. Wilco Marsh Buggies & Draglines, 761 F.2d 649, 653 (Fed.Cir.1985); Paper Converting Mach. v. Magna-Graphics, 745 F.2d 11, 21 (Fed.Cir.1984). It need not also meet the Panduit test. King Instrument Corp. v. Otari Corp., 767 F.2d 853, 864 n. 9 (Fed.Cir.1985). Since Laymon has not established that finding 21 is clearly erroneous, the district court did not abuse its discretion in awarding Williamson lost profits on these jobs. Paper Converting Mach., 745 F.2d at 21.
 
 
 3
 As for Venezuela, finding 14 specifically states that neither Kopp A.G. nor Kopp America International performed any jobs there before June of 1987, more than a year beyond the close of the relevant damages period. Laymon draws inferences from selected testimony to establish the contrary, but ignores evidence relied on by the Special Master. We agree with the district court that "[n]o evidence affirmatively established Kopp's performance of jobs in North or South America during the relevant period to contradict the Master's findings." 723 F.Supp. at 597, 13 USPQ2d at 1423. Accordingly, the award of lost profits on this job also was not an abuse of discretion.
 
 
 4
 Finally, we decline to award Williamson its fees under either Fed.R.App.P. 38 or 35 U.S.C. Sec. 285.